IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **Rickey Lee Hall**, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **Case No. 3:13-cv-0999** |
| | )    **District Judge Todd Campbell** |
| **Carolyn Colvin,** | )    **Magistrate Judge Brown** |
| **Commissioner of Social Security** | ) |
| | ) |
|     **Defendant.** | |

## REPORT AND RECOMMENDATION

This action was brought under 42 U.S.C. §§ 405(g), 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("SSA") upon an unfavorable decision by the SSA Commissioner ("the Commissioner") regarding plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Title XVI of the Supplemental Social Security Income Act ("SSI"). 42 U.S.C. §§ 416(i), 423(d), 1382(c). For reasons set forth below, the undersigned **RECOMMENDS** that the plaintiff's motion for judgment on the administrative record be **GRANTED** and that the ALJ's decision be **REMANDED** to the Commissioner for further consideration.

### I.    PROCEDURAL HISTORY & BACKGROUND

Rickey Lee Hall ("Plaintiff") filed for DIB on August 26, 2010 alleging an onset date of January 1, 2010. (Administrative Record ("AR."), Docket Entry ("Doc.") 15, p. 173-76) Plaintiff's request was denied initially on December 22, 2010 and on March 21, 2011 upon reconsideration. (AR at pp. 132-34, 140-41) A hearing was conducted before an Administrative Law Judge Elizabeth Neuhoff ("ALJ Neuhoff") on July 12, 2012. (AR. at p. 55) ALJ Neuhoff denied Plaintiff's application on July 20, 2012 and Plaintiff requested review of that

determination on July 27, 2012. (AR., Doc. 15 pp. 10, 51) The SSI Appeals Council denied review on August 10, 2013, rendering ALJ Neuhoff's decision the Commissioner's final determination. (AR. at pp. 1-4)

Plaintiff brought this action on September 18, 2013 seeking review of the Commissioner's decision. (Doc. 1) The Commissioner filed an answer and a copy of the administrative record on December 4, 2013. (Doc. 14, 15) Thereafter, on April 7, 2014, Plaintiff moved for judgment on the administrative record, to which the Commissioner filed response on May 7, 2014. (Doc. 20, 22) There was no reply.

This matter is properly before the court.

**A. <u>Plaintiff's February 23, 2000 Disability Determination</u>**

Plaintiff first applied for benefits on March 27, 1998 but was denied by the ruling of ALJ Donald Garrison on February 23, 2000. (AR., Doc. 15, pp. 108-16) At that time, Plaintiff complained of a "fracture of right distal radius and comminuted[1] fracture of distal left tibia and fibula, right ulnar neuropathy, and traumatic arthritis of [the] left ankle." (AR. at p. 112) Plaintiff's medical records indicated that his wrist injury healed well and he retained "virtually full range of motion." (AR. at p. 111) X-rays of Plaintiff's ankle "were fine and showed complete healing." (AR., Doc. 15, p. 111) There was no degeneration and "minimal lateral deformity," he was able to perform all regular activities and retained "satisfactory range of motion." (AR. at p. 112)

ALJ Garrison summarized the medical evidence as demonstrating that Plaintiff's "fractures healed solidly and he had virtually full range of motion in all areas . . . the claimant's arthritis does not significantly reduce his range of motion." (AR. at p. 113) Accordingly, ALJ

---

1. Meaning "broken or crushed into small pieces." Dorland's Illustrated Medical Dictionary 391 (32d Ed. 2012).

Garrison found that Plaintiff retained a residual functional capacity ("RFC") commensurate with a "sedentary level of exertion with occasional postural activities, occasional handling and fingering with the right hand." (AR. at p. 112) Under ALJ Garrison's RFC, Plaintiff, at most, is capable of

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs arc sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(AR at p. 114)

**B. <u>Plaintiff's Subsequent Medical Record</u>**

On May 6, 2010, a CT was performed of Plaintiff's left knee and left ankle showing a "depression of the posterolateral fracture fragment" resulting in an "[i]ncongruency of the articular surfaces" and hemarthrosis.[2] (AR., Doc. 15, p. 236) X-rays were performed indicating "joint affusion . . . [and m]ild patellofemoral joint space narrowing" in Plaintiff's left knee, and an obvious deformity associated with "degenerative changes of the tibotabular joint with old healed tibial fracture" of Plaintiff's ankle. (AR. at 238-39)

On July 13, 2010, Plaintiff was transported to the emergency room after his wrecker impacted a tree. (AR. at p. 241) Plaintiff complained of pain in his left knee and ankle. (AR. at p. 241) X-rays performed of Plaintiff's left ankle revealed "evidence of a prior injury [causing] significant radiographic bony remodeling and inadequate bony alignment" resulting in an obvious deformity and osteoarthritic changes in the joint. (AR. at pp. 243, 247) X-rays of Plaintiff's left knee revealed an old "lateral tibial plateau fracture and proximal fibula fracture" and that Plaintiff suffered reduced bone mass. (AR. at p. 248)

---

2. "[B]leeding into a joint or its synovial cavity." Dorland's Illustrated Medical Dictionary 831 (32d Ed. 2012).

On November 11, 2010, Plaintiff underwent a consultative exam with Dr. Bruce A. Davis, M.D. (AR. at 249) Dr. Davis noted Plaintiff's complaints of an old right shoulder injury with periodic dislocation and a prior back fracture. (AR. at p. 249) Dr. Davis also noted a prior crushing injury to Plaintiff's right wrist that was surgically repaired, right knee surgery, left knee fracture with pain and soreness, and left ankle injury with swelling and pain. (AR. at p. 249) Dr. Davis's examination revealed that Plaintiff retained a full range of motion in his neck and back, but a reduced range of motion in his left wrist, both knees, and left ankle. (AR. at p. 250)

Dr. Davis concluded from his exam that Plaintiff's injuries left him with the capacity to lift and carry 10 pounds frequently and 20 pounds occasionally. (AR at p. 250) Dr. Davis also opined that Plaintiff could sit or stand for 1 hour at a time each up to 6 hours out of every 8 hour day and could walk for 30 minutes at a time for a total of 4 hours out of each 8 hour day. (AR., Doc. 15, pp. 253-54) Further, Dr. Davis noted that Plaintiff experienced limitations in his ability to use his right hand and ankle in work type endeavors and was limited in all postural activities. (AR. at p. 254)

On December 15, 2010, Dr. Yamamoto, M.D., a DDS reviewing physician,[3] reviewed Plaintiff's medical records and concurred with Dr. Davis' assessment of Plaintiff's RFC and postural limitations. (AR. at pp. 260-63) According to Dr. Yamamoto, the symptoms and limitations noted by Dr. Davis were due to a medical diagnosable injury and were both credible and supported by the medical record. (AR. at p. 264)

On December 22, 2010, Dr. Denise Bell, M.D., a DDS reviewing physician, compared Plaintiff's current complaints with those presented in his 2000 application and concluded that the prior ALJ's residual functional capacity should not be adopted. (AR. at p. 268) According to

---

3. The specialty code on Dr. Yamamoto's MSS indicates that he is an orthopedic physician according to SSA Programs Operations Manual Systems ("POMS") 26510.090D.

Dr. Bell, Plaintiff's ankle injury had healed, he retained a full range of motion in his neck and back, and was capable of lifting 30 pounds. (AR. at p. 268)

On March 19, 2011, Dr. Carolyn Parrish, M.D., a DDS reviewing physician, concurred with Dr. Davis' overall assessment of Plaintiff's physical abilities. (AR. at pp. 271-75) However, Dr. Parrish opined that Dr. Davis' assessed postural limitations were "slightly overly restrictive based upon objective findings." (AR. at p. 277) Dr. Parrish noted that the "clinical findings indicat[ed] loss of function." (AR., at p. 278)

## C. Ruling of the ALJ

Despite ALJ Garrison's finding of a sedentary RFC in February of 2000, ALJ Neuhoff found that she was not bound by the prior finding because "the claimant is alleging an additional and more recent injury, together with other physical impairments" and the "medical evidence relates exclusively to the unadjudicated period." (AR. at p. 58) In considering Plaintiff's complaints, the evidence of record, and the opinions of the medical experts, ALJ Neuhoff found that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, except as follows: He may sit or stand 6 hours in total; walk for 4 hours in total; but is limited to jobs requiring no more than frequent use of the right hand and no more than occasional use of the left hand; with no use of the left lower extremity for operation of foot controls; no more than occasional postural activities in all respects (except no climbing or crawling); and no exposure to unprotected heights.

## II. ANALYSIS

### A. Standard of Review

The District Court's "review of the decision of the Social Security Administration is limited by 42 U.S.C. § 405(g) which circumscribes a reviewing court to a determination of whether substantial evidence supports the Commissioner's decision." *Drummond v. Comm'r of*

*Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997) "Where the record as a whole contains substantial evidence to support the Secretary's determination, the Secretary's decision must be affirmed." *Id.* (quoting *Stanley v. Sec. of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994)) (internal quotations omitted). A finding of substantial evidence does not require that all of the evidence in the record preponderate in favor of the determination, but does require more than a mere scintilla to support a denial of DIB. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

**B. ALJ Neuhoff was bound by ALJ Garrison's Prior RFC Assessment**

Plaintiff asserts that under relevant Sixth Circuit precedent, ALJ Neuhoff erred when she found that she was not bound by ALJ Garrison's finding of a sedentary RFC. (Plaintiff's Memorandum Supporting Judgment on the Administrative Record ("M. for Judgment on AR"), Doc. 20-1, p. 6) According to Plaintiff, the AJL failed to cite new and material evidence of Plaintiff's improvement during the unadjudicated period, thus, the decision here is lacking in substantial evidence. (M for Judgment on AR at pp. 7-8)

The Commissioner responds that the ALJ "was not bound by the RFC findings in a then-12-year old ALJ decision, because of the 'new and material evidence relating to such a finding.'" (Defendant's Response to Judgment on the Administrative Record ("Response"), Doc. 22, p. 6) According to the Commissioner, all that is required to relieve her of ALJ Garrison's RFC finding is the passage of time and "material new evidence relating to an unadjudicated time period show[ing] a change in Plaintiff's condition." (Response at p. 7) However, while a material change in Plaintiff's condition provides grounds for reconsideration of Plaintiff's functionality under *Drummond*, those were not the grounds upon which ALJ Neuhoff rested her finding that she was not bound by ALJ Garrison's assessed RFC. More importantly, the current assessments of Plaintiff's RFC included in the various medical source statements do not provide substantial

new evidence to show a sufficient change in Plaintiff's prior condition to overturn ALJ Garrison's assessment of a sedentary RFC. (Response at pp. 8-9)

As noted *supra* at p. 6, ALJ Neuhoff found that the prior RFC was not binding due to Plaintiff's assertion of new injuries and the relation of the medical evidence "exclusively" to those injuries. (AR., Doc. 15, p. 58) While the evidence of record here may originate from the unadjudicated period, it does not relate exclusively to new injuries occurring during that period. Rather, the CTs and x-rays show the current state of the prior injury to Plaintiff's ankle and the physician assessments all consider that injury, as well as Plaintiff's prior wrist injury, to arrive at their RFCs. These are the same injuries upon which ALJ Garrison based the prior RFC.[4] Further, while it is the *opinion* of the examining and reviewing experts at present that Plaintiff can function above a sedentary level, the objective medical evidence of record is not sufficient to permit reassessment of Plaintiff's RFC.

In *Drummond*, the court considered whether *res judicata* precluded an ALJ from reassessing a plaintiff's RFC from a sedentary level based upon new claims in a subsequent unadjudicated period. *Drummond*, 126 F.3d at 839-40. Noting that 42 U.S.C. § 405(h) provides finality in such determinations, the *Drummond* court held that the Commissioner was not relieved of the prior more restrictive RFC based simply upon new evidence or new injuries. Rather, "absent evidence of an improvement in a claimant's condition" the Commissioner is bound by the prior ruling. *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 724 (6th Cir. 2013) (quoting *Drummond*, 126 F.3d at 842). According to *Drummond*, the Commissioner must

---

4     The Magistrate Judge notes that Dr. Bell concluded that the Commissioner was not bound by the prior RFC due to Plaintiff's report that he could lift 30 pounds, Dr. Davis' finding of full range of motion in his neck and back, and the fact that Plaintiff's ankle had healed. However, at the time ALJ Garrison assessed Plaintiff at a sedentary RFC, Plaintiff reported the ability to lift 25 pounds (AR., Doc. 15, p. 110) and the ability to engage in all normal activities of daily living. (*Compare* AR. at p. 110 *with* AR. at p.60) Additionally, Plaintiff's neck and back claims are irrelevant to ALJ Garrison's RFC finding. Most importantly, however, Plaintiff's ankle was completely healed prior to ALJ Garrison's RFC assessment. (AR. at p. 111)

7

provide "substantial evidence . . . that [the claimant's] condition improved significantly between the two hearing dates" in order to reassess functionality. *Drummond*, 127 F.3d at 843. The Commissioner has not met this burden.

As noted *supra* at p. 5, ALJ Neuhoff made no finding as to whether Plaintiff's condition improved during the unadjudicated period. Further, the evidence of record cuts both ways. While Plaintiff reports the ability to lift 30 pounds and performed work as both a mover and a wrecker operator subsequent to ALJ Garrison's RFC assessment, there is evidence in the record indicating an overall loss in functionality during the same period. In contrast to the lack of degeneration and ""virtually full range of motion in all areas" noted by ALJ Garrison, Plaintiff's recent X-rays and CT demonstrate degenerative changes in Plaintiff's left ankle and Dr. Davis found that Plaintiff now suffers reduced ranges of motion in both knees, his left ankle, and his wrist. Dr. Yamamoto, an orthopedic specialist, concurred with Dr. Davis' assessment and Dr. Parrish opined that the "clinical findings indicate a loss of function" rather than an improvement. (AR., Doc. 15, p. 278)

The Commissioner, rather than the Magistrate Judge, is tasked with weighing the evidence under the regulations. Therefore, Plaintiff's case should be remanded for a determination of: 1) whether Plaintiff's condition has improved such that an increase in RFC from sedentary to light is permissible under *Drummond*; and 2) what effect, if any, Plaintiff's rapid approach to advanced age has upon his eligibility for benefits under any RFC assessed during the Commissioner's reconsideration.

### D. CONCLUSION

Given that the medical evidence shows a worsening of Plaintiff's condition rather than an significant improvement, the Magistrate Judge finds that the Commissioner has failed to produce

substantial evidence that Plaintiff's condition has improved significantly since ALJ Garrison's finding. As such, ALJ Neuhoff's findings here lack substantial evidence.

### E. **RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Plaintiff's motion for judgment on the record (Doc. 20) be **GRANTED** and that ALJ's opinion be **REMANDED** to the Commissioner for further consideration.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 29th day of August, 2014.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge